## ZINSMEYER v. INTERNATIONAL–GREAT NORTHERN R. CO. (No. 8074.)

Court of Civil Appeals of Texas. San Antonio. Nov. 21, 1928.

S. Engelking, of San Antonio, for appellant.

F. C. Davis and Marshall Eskridge, both of San Antonio, and Andrews, Streetman, Logue & Mobley, of Houston, for appellee.

COBBS, J. Appellant sued appellee to recover damages for injuries sustained by him to his foot while in the employ of appellee as a track welder, by causing him to jump from a bridge to avoid an approaching train, and the jury found in his favor for $2,000. Prior to this trial appellant employed Messrs. Cotten & McCain, lawyers of Palestine, to represent him as his attorneys, and gave them a written contract to represent him. The contract provided that the attorneys were to receive one-third of whatever sum was recovered, and further provided that—

They "are hereby fully authorized and empowered to settle said claim for damages as in their judgment they may deem best, and to receipt for me for all sums of money collected for me by virtue of said claim for damages, and to execute any and all necessary receipts and other papers for me and in my name and behalf, the same as though I were personally present, acting for me and in my behalf. The said Cotten & McCain is hereby authorized and empowered by me to sign any and all necessary papers for the enforcement of my said claim, including the signing of my name to all necessary legal papers in connection with, and in the prosecution of my said claim aforesaid, and

I do hereby ratify and confirm all acts of my said attorneys aforesaid."

This contract was duly executed and delivered to Messrs. Cotten & McCain, who undertook and did adjust appellant's claim against appellee for the sum of $1,000,.which appellee paid to said attorneys in full settlement thereof.

Appellant repudiated the settlement and refused to take any part of the money or to ratify the settlement, upon the ground that the attorneys were not authorized to make the settlement, and employed S. Engelking, an attorney at San Antonio, who brought this suit. Appellant denied that the power of attorney gave Cotten & McCain the specific right to settle the case without his consent or in his presence; that it was subsequently canceled before the settlement and before institution of this suit; alleging fraud in the settlement by the attorneys.

The case was tried with a jury upon special issues, and as to all issues of negligence the jury found in the affirmative. ▮▮▮ The court did not err in refusing to give the jury the special issues requested by appellant, to wit:

"1. Whether the power given by appellant expressly provided that said attorneys should make no settlement without appellant's written consent or in his presence.

"2. Whether the power had been cancelled before settlement.

"(3) Whether the settlement was tainted with fraud."

There was nothing ambiguous about the written terms of the contract that took it from the power of the court to pass upon it or so pleaded as to submit that issue to the jury. If it was, it was sufficiently submitted by the court when the court had the jury find whether the power of attorney offered in evidence by appellee was "executed in its present terms." It was a rather short and terse statement, but there is nothing in it to mislead a jury as to the court's meaning.

The jury answered all the other issues submitted to them in the affirmative.

The evidence did not show that the power of attorney had been canceled before settlement, but on the contrary it had not been. There were no sufficient allegations that the settlement was tainted with fraud, nor any proof thereof.

There were no sufficient allegations or proof that the settlement was made with fraudulent intent on the part of both such parties to deprive the plaintiff Zinsmeyer of a part of his damages sustained by him in the accident.

There is little for us to say on the question of the injuries; this has been fairly submitted to the jury, and their verdict will not be disturbed.

The jury assessed the damages at $2,000 and—

"The court is of opinion and so finds that under the power of attorney the said Cotten & McCain had authority to settle said cause and that the settlement made by them with the defendant was in all things binding upon him and that hence judgment should be entered herein that plaintiff recover nothing and that defendant go hence with its costs."

We find after painstaking effort that the appellant has assigned no errors that should cause a reversal, and the judgment of the trial court is affirmed.